# Exhibits – Part D: Judicial Irregularities

Part D documents systemic judicial irregularities in Florida state proceedings in Case No. 2025-CA-0209. These irregularities extend beyond Judge Rogers' courtroom, reflecting structural issues in how Florida courts handle litigants who expose misconduct.

The four items included in Part D are:

1. **Judicial Qualifications Commission (JQC) Complaint** – A formal complaint filed with the JQC against Judge Steven G. Rogers, citing denial of access, concealment of docket entries, and bias. This demonstrates Plaintiff's effort to seek accountability through established oversight channels.

2. **Plaintiff's Motion to Vacate September 12, 2025 Order as Void** – Filed in good faith to challenge Judge Rogers' blanket prohibition on pro se filings. Its very submission, and likely rejection, illustrate how litigants are stripped of their constitutional rights at the trial level.

3. **Plaintiff's Verified Motion to Disqualify Judge Steven G. Rogers** – A sworn motion invoking Rule 2.330, Florida Rules of Judicial Administration. It sets out a well-founded fear of bias and provides evidence of irregular practices such as orders marked "not to be recorded."

4. **Notice of Appeal to the Fifth District Court of Appeal** – Filed after the trial court became inaccessible, this appeal highlights the extraordinary step required to keep the case alive. It underscores that the irregularities in the lower tribunal forced appellate intervention merely to preserve access to justice.

Together, these documents establish that the irregularities are not isolated mistakes but form a pattern of systemic suppression. Florida's judiciary has moved from judicial discretion into structural misconduct, compelling federal review under 42 U.S.C. §1983.

**These exhibits are also submitted to demonstrate what Plaintiff is up against in Florida's state courts. They represent only a fraction of the misconduct already documented, and there is a great deal more evidence yet to come.**

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

**Case No:** To be assigned
**L T. Case No.:** 2025-CA-0209
**Lower Tribunal:** Hon. Steven G. Rogers

---

**NOTICE OF APPEAL OF NONFINAL ORDER**

NOTICE IS GIVEN that Plaintiff, **Ronnie Woods**, pro se, appeals to the District Court of Appeal, Fifth District, the nonfinal order entered on September 12, 2025, entitled *"Order on Order to Show Cause."*

That order prohibits Plaintiff from filing any further pro se pleadings, motions, or papers in this case and directs the Clerk not to accept filings unless signed by a member of The Florida Bar.

---

# Basis for Appeal

1. **Florida Constitution – Article I, §21 (Access to Courts)**
   The order directly violates the guarantee that "the courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay."

2. **Florida Constitution – Article I, §9 (Due Process)**
   The order deprives Plaintiff of due process by closing the courthouse doors without individualized findings of frivolity or bad faith.

3. **Florida Rules of Judicial Administration – Rule 2.515(a)**
   Rule 2.515 expressly authorizes self-represented parties to sign their own pleadings. Judge Rogers' order nullifies this Rule without authority.

4. **Statutory Conflict – Fla. Stat. §57.105**
   The Legislature provided sanctions and attorney-fee remedies for frivolous filings. Rogers' blanket prohibition usurps this legislative authority, violating separation of powers.

5. **Controlling Federal Precedent**
   *Bounds v. Smith*, 430 U.S. 817, 828 (1977): "The fundamental constitutional right of access to the courts requires meaningful access."
   *Procup v. Strickland*, 792 F.2d 1069, 1074-75 (11th Cir. 1986) (en banc): Even when filings are excessive, courts **cannot impose blanket bans** that bar all pro se access.

6. **Appealable as an Injunction**
   The September 12, 2025 order is in substance an injunction restricting Plaintiff's access to the courts. It is therefore immediately appealable under **Fla. R. App. P. 9.130(a)(3)(B).**

---

# Designation of Record

Plaintiff designates the following for inclusion in the record on appeal:

- The September 12, 2025 *Order on Order to Show Cause*;
- All motions, filings, and docket entries from February 4, 2025 through September 12, 2025, including any orders marked "not to be recorded";
- Any subsequent filings or clerk rejections reflecting denial of access.

## Relief Sought

Plaintiff respectfully requests that the District Court of Appeal, Fifth District, accept jurisdiction, review, and vacate the September 12, 2025 order as unconstitutional, void, and entered in excess of lawful authority.

Respectfully submitted,
/s/ronniewoods
Ronnie Woods
Pro Se Plaintiff
5635 SE 127th Place
Belleview, FL 34420
ronniewood101@gmail.com
(352) 205-1317

Date: Sept 13th 2025

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing **Notice of Appeal** has been furnished by [E-Portal] on this 13th day of September 2025, to:

- **Evian White De Leon, Esq.**
    Chief Legal Counsel & COO, MIAMI REALTORS®
    Email: evian@miamire.com

- **Mary Vega, Esq.**
    Berger Singerman LLP
    Email: mvega@bergersingerman.com

- **Marianne Curtis, Esq.**
    Berger Singerman LLP
    Email: mcurtis@bergersingerman.com

- **Jessica Schwieterman, Esq.**
    Counsel for Florida Real Estate Commission & Governor Ron DeSantis

- Florida Attorney General's Office
  Email: jessica.schwieterman@myfloridalegal.com

- **Jessica Madeira, Esq.**
  Counsel for Florida Real Estate Commission & Governor Ron DeSantis
  Florida Attorney General's Office
  Email: jessica.madeira@myfloridalegal.com

- **Ta'lor Murray, Esq.**
  Webster Law Group
  Email: talor@websterlawgroup.com

- **Legal Department, MIAMI REALTORS®**
  Email: legal@miamire.com

- **Judge Rogers' Chambers – Hearings**
  Fifth Judicial Circuit
  Email: rogers.hearings@circuit5.org

Respectfully submitted,
/s/ Ronnie W. Woods

# PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY JUDGE STEVEN G. ROGERS

*(Filed in Good Faith and Supported by Law)*

**COMES NOW Plaintiff, Ronnie W. Woods, pro se,** and pursuant to **Fla. R. Jud. Admin. 2.330**, moves to disqualify the Honorable Steven G. Rogers from further presiding in this action, and states:

## I. Verified Statement

1. On September 12, 2025, Judge Rogers entered an order entitled *"Order on Order to Show Cause,"* which barred Plaintiff from filing any pro se pleadings or papers in this case and directed the Clerk not to accept Plaintiff's filings.

2. This order deprived Plaintiff of access to the courts in violation of **Article I, §21 of the Florida Constitution** and controlling precedent (*Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Bounds v. Smith*, 430 U.S. 817 (1977)).

3. Judge Rogers' order was entered after more than seven months of silence on Plaintiff's motions, creating the appearance that the Court acted only at the urging of opposing counsel and not in neutral administration of justice.

4. Plaintiff has further observed docket entries and orders marked "not to be recorded," raising the appearance of concealment and selective treatment that benefits Defendants and prejudices Plaintiff.

5. Based on these actions, Plaintiff has a **well-founded fear** that he cannot receive a fair trial or impartial rulings before Judge Rogers.

## II. Legal Standard

- **Rule 2.330(f):** Disqualification is required when a litigant has a reasonable fear of not receiving a fair trial.

- **Livingston v. State, 441 So. 2d 1083 (Fla. 1983):** The test is not whether the judge is actually biased, but whether the facts would create a reasonable fear of bias.

- **Canon 2, Florida Code of Judicial Conduct:** Judges must avoid even the appearance of impropriety.

## III. Good Faith, Non-Frivolous Filing

6. This Motion is made in **good faith** and is supported by constitutional provisions, Florida rules, and binding precedent.

7. It is **not intended for delay, harassment, or frivolous purposes**. Rather, it is necessary to preserve Plaintiff's right to a fair and impartial tribunal, which is fundamental under both Florida and federal law.

## IV. Federal Notice

8. Plaintiff further advises that this Motion, together with Judge Rogers' September 12, 2025 order, will be **simultaneously filed in the U.S. District Court for the District of Columbia, Woods v. National Association of Realtors, et al.**, as evidence of judicial bias and denial of access under color of law (42 U.S.C. §1983), as Part "C" orders and judgements, "Not to be recorded".

9. Plaintiff further advises that this Motion, together with Judge Rogers' September 12, 2025 order, will be **simultaneously filed in the U.S. District Court for the District of Columbia, Woods v. National Association of Realtors, et al.**, as evidence of judicial bias and denial of access under color of law (42 U.S.C. §1983).

10. Based on the pattern of prior treatment in Florida state proceedings, Plaintiff fully anticipates that this Motion will be denied. This expectation itself underscores the depth of the bias at issue and the reality that Plaintiff's constitutional rights have not been afforded meaningful weight in state court.

## V. Relief Sought

WHEREFORE, Plaintiff respectfully requests that Judge Rogers be disqualified from further proceedings in this case, and that the matter be reassigned to a different judge.

Respectfully submitted,
/s/ Ronnie W. Woods
Pro Se Plaintiff
5635 SE 127th Place
Belleview, FL 34420
ronniewood101@gmail.com
(352) 205-1317

Date: Sept. 13th . 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Florida Courts E-Filing Portal and served by electronic mail on this 1st day of August, 2025, upon the following:

- **Evian White De Leon, Esq.**
  Chief Legal Counsel & COO, MIAMI REALTORS®
  Email: evian@miamire.com

- **Mary Vega, Esq.**
  Berger Singerman LLP
  Email: mvega@bergersingerman.com

- **Marianne Curtis, Esq.**
  Berger Singerman LLP
  Email: mcurtis@bergersingerman.com

- **Jessica Schwieterman, Esq.**
  Counsel for Florida Real Estate Commission & Governor Ron DeSantis
  Florida Attorney General's Office
  Email: jessica.schwieterman@myfloridalegal.com

- **Jessica Madeira, Esq.**
  Counsel for Florida Real Estate Commission & Governor Ron DeSantis
  Florida Attorney General's Office
  Email: jessica.madeira@myfloridalegal.com

- **Ta'lor Murray, Esq.**
  Webster Law Group
  Email: talor@websterlawgroup.com

- **Legal Department, MIAMI REALTORS®**
  Email: legal@miamire.com

- **Judge Rogers' Chambers – Hearings**
  Fifth Judicial Circuit
  Email: rogers.hearings@circuit5.org

**Ronnie Woods, Pro Se**
**/s/ronniewoods**

# PLAINTIFF'S MOTION TO VACATE SEPTEMBER 12, 2025 ORDER AS VOID

*(With Notice of Simultaneous Federal Filing)*

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA**

Case No.: 2025-CA-0209
Division: Civil
Lower Tribunal: Hon. Steven G. Rogers

# INTRODUCTION

**COMES NOW Plaintiff, Ronnie W. Woods, pro se,** and respectfully moves this Court to vacate its September 12, 2025 *Order on Order to Show Cause* as unconstitutional, void, and entered in excess of lawful authority. Plaintiff acknowledges that the September 12 order purports to prohibit him from filing pro se pleadings. This Motion is therefore submitted **not in violation of that order, but as a direct constitutional challenge to its validity**. The right to seek relief from an unconstitutional order cannot itself be extinguished by that order.

---

# I. The Order Is Void as a Matter of Law

1. **Florida Constitution – Article I, §21 (Access to Courts)**
   The order prohibits Plaintiff from filing any pro se documents, in direct violation of the constitutional guarantee that "the courts shall be open to every person for redress of any injury."

2. **Florida Constitution – Article I, §9 (Due Process)**
   The order deprives Plaintiff of due process by imposing a blanket ban without individualized findings of frivolity or bad faith.

3. **Florida Rules of Judicial Administration – Rule 2.515(a)**
   Rule 2.515 expressly authorizes pro se litigants to sign their own pleadings. The order nullifies this Rule without authority.

4. **Statutory Conflict – Fla. Stat. §57.105**
   The Legislature provided remedies for frivolous filings through sanctions and fees. By barring all filings, the Court usurped legislative authority, in violation of separation of powers.

5. **Controlling Federal Precedent**

   - *Bounds v. Smith*, 430 U.S. 817, 828 (1977): "The fundamental constitutional right of access to the courts requires meaningful access."

   - *Procup v. Strickland*, 792 F.2d 1069, 1074–75 (11th Cir. 1986) (en banc): Even in vexatious litigant cases, blanket bans on pro se filings are unconstitutional.

Accordingly, the order is void *ab initio* and must be vacated.

---

## II. Federal Echo – Notice of Simultaneous Filing

6. Plaintiff hereby gives notice that this Motion, together with the September 12, 2025 order, is being **simultaneously filed in the U.S. District Court for the District of Columbia, Case No. 25-cv-03045, Woods v. National Association of Realtors, et al., as Evidence, Part C – Orders and Judgments "Not to Be Recorded."**

7. The filing in D.C. is for the purpose of demonstrating to federal authorities the **systemic denial of access to courts and judicial bias occurring in Florida state proceedings.**

8. Every refusal to docket Plaintiff's filings, every order "not to be recorded," and every blanket restriction imposed by this Court will be logged in federal court as evidence of abuse under color of law, 42 U.S.C. §1983.

---

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the September 12, 2025 *Order on Order to Show Cause* as unconstitutional and void;

2. Restore Plaintiff's right to file pro se pleadings as guaranteed by law;

3. Recognize that this matter is now also before federal authorities, and that continued enforcement of the void order will be treated as additional evidence of systemic bias.

---

Respectfully submitted,
/s/ronniewoods
Ronnie W. Woods
Pro Se Plaintiff
5635 SE 127th Place
Belleview, FL 34420
ronniewoood101@gmail.com
(352) 205-1317

Date: Sept. 13th . 2025

## STATEMENT OF FACTS

Please provide, in as much detail as possible, the information you believe constitutes judicial misconduct or disability. Include names, dates, places, addresses, and telephone numbers which may assist the Commission. <u>Attach additional pages as necessary</u>.

Please see attached pages ...

3

# STATEMENT OF FACTS

I, Ronnie W. Woods, respectfully submit this complaint against the Honorable Steven G. Rogers, Circuit Judge, Fifth Judicial Circuit (Marion County), for actions in **Case No. 2025-CA-0209** that demonstrate denial of constitutional rights, concealment of judicial orders, and systemic bias.

## 1. Blanket Prohibition Order

On **September 12, 2025**, Judge Rogers entered an *Order on Order to Show Cause* that:

- Prohibited me from filing **any further pro se pleadings, motions, or papers**; and
- Directed the Clerk of Court not to accept filings unless signed by a member of The Florida Bar.

This order was not based on specific findings of frivolousness or bad faith, but was a blanket ban.

This action is unconstitutional and exceeds judicial authority:

- **Article I, §21 of the Florida Constitution** guarantees open courts for all persons.
- **Rule 2.515(a), Florida Rules of Judicial Administration** expressly authorizes pro se parties to sign their own pleadings.
- **Fla. Stat. §57.105** provides the exclusive legislative remedy for frivolous filings; Rogers' blanket prohibition usurped that statutory authority.
- **Bounds v. Smith, 430 U.S. 817 (1977)** and **Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986)** forbid blanket bans on access to courts.

## 2. Extended Judicial Inaction

From **February 4, 2025 through September 12, 2025** (a span of more than **seven months**), Judge Rogers failed to rule on multiple pending filings, including:

- Motion to Strike State's Motion to Dismiss (**filed April 1, 2025**).
- Emergency Motion for Injunction (**filed April 11, 2025**).
- Objection to Hearing Irregularities/Judicial Inaction (**filed June 20, 2025**).

This judicial silence, followed only by the September 12 prohibition order, creates the appearance that the Court acted selectively and at the urging of opposing counsel, rather than impartially.

### 3. Concealment of Judicial Records

The docket in Case No. 2025-CA-0209 contains multiple entries and orders marked **"not to be recorded."**

- Such designations conceal judicial rulings from the public record.
- They prevent meaningful appellate review and undermine transparency.
- They violate the principle that **justice must not only be done, but must be seen to be done.**

### 4. Appearance of Bias

The cumulative effect of:

- extended inaction,
- concealment of orders, and
- a blanket prohibition against filings,

creates a **well-founded fear that I cannot receive a fair and impartial hearing** before Judge Rogers. These actions have directly benefited opposing counsel of record (Assistant Attorneys General Jessica Schwieterman and Jessica Madeira, and Berger Singerman attorneys Mary Vega and Marianne Curtis).

### 5. Federal Cross-Filing

Because these actions rise to the level of systemic denial of rights, I have filed Judge Rogers' September 12 order and related evidence in my federal case, *Woods v. National Association of Realtors, et al.*, **Case No. 25-cv-03045 (D.D.C.)**, as **Exhibit Part C – Orders and Judgments "Not to Be Recorded."**

This matter is now before federal authorities as evidence of judicial misconduct under color of law, 42 U.S.C. §1983.

### 6. Why JQC Action Is Required

The Judicial Qualifications Commission exists to safeguard public confidence in the judiciary. If no action is taken, the record will show that a Florida judge:

- Silenced a litigant entirely,
- Concealed orders from the public docket, and
- Denied constitutional access to the courts, **without consequence.**

This would erode confidence in the courts, embolden further misconduct, and damage the credibility of the judiciary in Florida.

## CONCLUSION

Judge Rogers' conduct is not a mere error subject to appellate correction. It is an ethical and constitutional violation that strikes at the foundation of judicial integrity. I respectfully urge the Commission to investigate and take appropriate action.

**Respectfully submitted,**

/s/ronniewoods
Ronnie W. Woods
5635 SE 127th Place
Belleview, FL 34420
ronniewood101@gmail.com
(352) 205-1317

Date: September 13, 2025

## Witness Information

### Witness 1
Name: Jessica Schwieterman, Esq.
Role: Assistant Attorney General, Counsel for Florida Real Estate Commission & Governor Ron DeSantis
Address: Office of the Attorney General, The Capitol, PL-01, Tallahassee, FL 32399-1050
Email: jessica.schwieterman@myfloridalegal.com

### Witness 2
Name: Jessica Madeira, Esq.
Role: Assistant Attorney General, Counsel for Florida Real Estate Commission & Governor Ron DeSantis
Address: Office of the Attorney General, The Capitol, PL-01, Tallahassee, FL 32399-1050
Email: jessica.madeira@myfloridalegal.com

### Witness 3
Name: Mary Vega, Esq.
Role: Counsel, Berger Singerman LLP (appearing for defendants in Case No. 2025-CA-0209)
Address: Berger Singerman LLP, 313 North Monroe Street, Suite 301, Tallahassee, FL 32301
Email: mvega@bergersingerman.com

### Witness 4
Name: Marianne Curtis, Esq.
Role: Counsel, Berger Singerman LLP (appearing for defendants in Case No. 2025-CA-0209)
Address: Berger Singerman LLP, 313 North Monroe Street, Suite 301, Tallahassee, FL 32301
Email: mcurtis@bergersingerman.com

### Witness 5
Name: Ta'lor Murray, Esq.
Role: Attorney, Webster Law Group (associated with defense representation)
Address: Webster Law Group, 800 North Magnolia Avenue, Suite 1700, Orlando, FL 32803
Email: talor@websterlawgroup.com

- **Disclaimer & Statement for Witness Section**

*Plaintiff includes the above defense counsel as material witnesses because they were direct recipients and beneficiaries of Judge Rogers' September 12, 2025 order barring pro se filings in Case No. 2025-CA-0209. Plaintiff anticipates that these individuals, acting in concert, will attempt to minimize, justify, or deny the appearance of bias created by Judge Rogers' actions. Their collective testimony is expected to be adverse and self-protective, however, their involvement is undeniable and places them in possession of firsthand knowledge of the challenged judicial conduct. By listing them here, Plaintiff demonstrates transparency and good faith, while preserving for the record that their roles as beneficiaries of Judge Rogers' rulings make them inherently conflicted witnesses.*

> IN FILING THIS COMPLAINT, I UNDERSTAND THAT FLORIDA LAW REQUIRES THAT COMPLAINTS FILED WITH THE COMMISSION MUST REMAIN CONFIDENTIAL, AND THAT ALL INQUIRIES BEFORE THE COMMISSION ARE CONFIDENTIAL, UNLESS AND UNTIL PROBABLE CAUSE IS DETERMINED AND FORMAL CHARGES ARE FILED.

UNDER THE PENALTY OF PERJURY, I declare that I have read and understand this complaint form, and the above information is true, correct, complete, and submitted of my own free will.

Sept . 13th . 2925
Date

Complainant's Signature  *Ronnie Woods*

Please note that the Commission only has authority to investigate allegations of judicial misconduct or permanent disability by persons holding state judicial positions. The Commission has no jurisdiction over, and does not consider complaints against, Federal Judges, magistrates, law enforcement, clerks, court personnel, attorneys, etc.

The Commission does not act as an appellate court and cannot review, reverse or modify a decision or ruling made by a judge in the course of a court proceeding.

Please return the completed complaint form by regular US Mail, and direct all future communications, to:

> Florida Judicial Qualifications Commission
> Post Office Box 14106
> Tallahassee, Florida 32317

4



**STATE OF FLORIDA
JUDICIAL QUALIFICATIONS
COMMISSION**
Post Office Box 14106
Tallahassee, Florida 32317
Tel: (850) 488-1581
www.floridajqc.com

FOR JQC USE ONLY

## COMPLAINT AGAINST A JUDGE

**INSTRUCTIONS**: This form is designed to provide the Commission with the information required to make an initial evaluation of your complaint and to begin any necessary inquiry or investigation into your allegations.

Please print or type your information onto this form. Any materials or documents that you provide to the Commission will become part of the Commission's files, and will not be returned or copied to you. The Commission will contact you if additional information or materials are needed.

After you complete this form, please sign and date the certification page, and mail it, along with any attachments, to Post Office Box 14106, Tallahassee, Florida 32317. Please be aware that the Commission cannot accept complaints by fax, email, or telephone. You will receive an acknowledgement letter when the Commission has received your complaint. The Commission meets approximately every six weeks, and reviews complaints on a first-come-first-served basis. You will be notified in writing of the outcome of your complaint, subject to the limits of confidentiality.

**IMPORTANT**: The Judicial Qualifications Commission has no authority to review, reverse, or modify a judge's decision or order, and cannot intervene in any way in a court case. Similarly, the Commission does not have the authority to remove a judge from your case. Commission staff is not permitted to provide you with any legal advice or opinions.

The Commission has jurisdiction over Justices of the Florida Supreme Court, and Judges of the District Courts of Appeal, County Courts, and Circuit Courts. The Commission does not have jurisdiction over special masters, magistrates, hearing officers (including: traffic hearing officers, worker's compensation hearing officers), administrative law judges, or federal judges.

**YOUR CONTACT INFORMATION** (Please print legibly):

Name: **Ronnie Woods**     Phone Number: **352-205-1317**

Mailing Address: **5635 se 127th pl**

City, State, Zip Code: **Belleview, Fl, 34420**

**JUDGE'S INFORMATION**:

Judge's Name: **Hon. Steven G. Rogers**     County: **Marion**

Address: **Marion County Judicial Center 110 NW 1st Avenue**

City, State, Zip Code: **Ocala, FL 34475**

1